UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.                                              No. 01-4316

TYRONE MARCEL SMITH,
       *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-00-311-DKC)

Submitted: March 27, 2002

Decided: April 19, 2002

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Anthony D. Martin, SOLOMON & MARTIN, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Mythili Raman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Tyrone Marcel Smith was convicted after a jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). On appeal, Smith argues that the Government improperly threatened a defense witness and made prejudicial comments during its opening and closing statements. Finding no reversible error, we affirm.

In response to a 911 call, the police located a vehicle, later determined to belong to Smith, and saw a handle of a black automatic handgun underneath the front passenger seat. After waiving his *Miranda* rights, Smith gave several incriminating oral statements to a police detective.

At trial, Smith subpoenaed Jonathan Lewis to testify. Lewis had stated by affidavit that the gun belonged to him. The Government asked the court to conduct a voir dire examination of Lewis as to his understanding of the issues surrounding the waiver of his Fifth Amendment privilege. During Lewis's voir dire, Smith conferred with his attorney and decided not to call Lewis to testify.

Smith argues the Government engaged in prosecutorial misconduct when it denied him a fair trial by threatening Lewis with prosecution for perjury. Because Smith did not object at trial, our review is for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993). To prevail on a claim of prosecutorial misconduct, Smith must show: (1) the Government's remarks and conduct were improper; and (2) the remarks or conduct prejudicially affected his substantial rights so as to deprive him of a fair trial. *See United States v. Golding*, 168 F.3d 700, 702 (4th Cir. 1999). We have reviewed the record and find the Government's comments regarding the consequences of Lewis's potential testimony were not improper.

Smith also argues the Government engaged in prosecutorial misconduct during its opening statement and closing argument by describing him as a felon and a criminal, and thereby violated his

right to a fair trial. Even were we to find the Government's remarks improper, the remarks were not extensive, the evidence against Smith was strong, and whatever prejudicial effect the comments may have had was cured by the district court's instruction to the jury.* Accordingly, we conclude that Smith was not prejudiced by these remarks. See *United States v. Harrison*, 716 F.2d 1050, 1052 (4th Cir. 1983) (providing the analytical framework for determining whether the defendant suffered prejudice from the prosecutor's improper remarks).

We grant Smith's motions to file a pro se supplemental brief, to supplement that brief, and to file a pro se appendix. In his pro se brief, Smith argues the district court violated his Fifth and Sixth Amendment rights to put on a defense. Smith argues that Lewis's affidavit and testimony should have been admitted; however, Lewis was available at trial and Smith chose not to call him. Moreover, the district court's ruling that a portion of Roselyn Seupaul's proffered testimony was inadmissible hearsay was not erroneous. *United States v. Young*, 248 F.3d 260, 270-71 (4th Cir.), *cert. denied*, 121 S. Ct. 2617 (2001) (holding that the exclusion of statement under Federal Rules of Evidence did not violate due process because the statement was not a third-party confession).

Smith also argues his counsel provided ineffective assistance for failing to object to incriminating statements made by Smith, failing to call Lewis, and failing to call the investigators who interviewed Lewis. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record conclusively establishes counsel's ineffective representation. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Our review of the record does not conclusively establish that counsel was ineffective. Therefore, this issue is not cognizable on direct appeal.

We affirm Smith's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately

---

*The district court instructed the jury that the fact of the defendant's prior conviction was relevant only for the limited purpose of determining whether all of the elements of the § 922(g) offense had been sufficiently proven.

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*